UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 OCT 1 PM 4 25
U.S. DISTRICT COURT
NEW HAVEN, CT.

UNITED STATES OF AMERICA         :

                                 :       Docket No. 3:99CR85(EBB)

WILLIAM LOPEZ                    :

## RULING ON MOTION FOR RECONSIDERATION

Pending before the Court is the motion of the defendant, William Lopez ("Lopez"), for reconsideration of the Court's denial of his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2).  The motion for reconsideration [doc. # 1735] is GRANTED.  However, for the following reasons, upon reconsideration, the Court finds that it did not err in denying Lopez a sentence reduction on the grounds that he was sentenced as a career offender.  Accordingly, the Court adheres to its earlier ruling [doc. # 1734] in all respects.

On November 7, 2001, the Court sentenced Lopez to 292 months' imprisonment after he pleaded guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).  Lopez's sentence was based on the Court's determination that he was responsible for at least 1.5 kilograms of cocaine base and that he was a career offender.  Because of his career offender status, the Court was required to start its guideline sentencing calculation pursuant to the career offender guidelines set forth in U.S.S.G. § 4B1.1. Under § 4B1.1(b)(C), with a drug quantity of 1.5 kilograms of crack cocaine, Lopez's base offense level was 37.  But, under § 4B1.1(b), the career offender base offense applies only if it is greater than an "otherwise applicable" offense level.  Accordingly, the Court turned to the crack cocaine guideline at § 2D1.1 to see if it produced a greater base offense level.  Under § 2D1.1

Lopez's base offense level was 38, the highest level provided for in the drug quantity tables. Thus, because Lopez's § 2D1.1 offense level 38 was *greater* than his § 4B1.1 offense level 37, the Court was required to use the § 2D1.1 offense level in calculating Lopez's applicable sentencing range. With a base offense level 38 and a three-level reduction for acceptance of responsibility pursuant to § 3E1.1, Lopez adjusted offense level was 35. An adjusted offense level 35 and a criminal history category of VI resulted in his applicable guideline sentencing range of 292 to 365 months.

After the enactment of the Fair Sentencing Act of 2010("FSA") and the retroactive amendment to the sentencing guidelines that reduced the base offense levels for crack cocaine offenses set forth in U.S.S.G. § 2D1.1 ("Amendment 750"), Lopez moved for a sentence modification under 18 U.S.C. § 3582(c)(2). The Court denied his motion on the grounds that a sentence reduction was not authorized under § 3582(c) because his sentence was based on the career offender guideline, not on the crack cocaine guideline.

In his motion for reconsideration, Lopez argues that the Court erred in ruling that he was sentenced as a career offender and thus not eligible for a sentence reduction. Lopez does not claim that he was incorrectly designated a career offender. Rather, he asserts that he was not sentenced as a career offender because, in calculating his applicable guidelines range, the Court used his base offense level from the crack cocaine guidelines, not the base offense level from the career offender guidelines. Lopez, however, mistakenly concludes from the fact that the Court did not use the career offender base offense level in calculating his sentencing range, that he was not sentenced as a career offender.

In determining if an adjustment to an otherwise final sentence is appropriate under 18

U.S.C. § 3582(c)(2), the court makes a two-step inquiry. Dillon v. United States, 130 S. Ct. 2683, 2691 (2010)). First, the court must determine if a defendant is eligible for a reduction in sentence. To be eligible, a defendant's sentence must be "based on" a sentencing range that has subsequently been lowered by the Sentencing Commission, and a reduction must be consistent with the sentencing guidelines' applicable policy statements. Id. Under the applicable guideline policy statement, a reduction is not authorized if the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision. U.S.S.G. § 1B1.10 app. n 1(A). Only if the first step establishes that a defendant is eligible for a reduction in sentence does the court consider the § 3553(a) factors and determine whether a reduction is warranted. Dillon, 130 S. Ct. at 2692.

In this case, Lopez's status as a career offender was the determining factor in the calculation of his sentencing range pursuant to § 4B1.1. A sentence is "based on" a sentencing range that has been lowered within the meaning of § 3582(c)(2) when the range is calculated by *starting* with a base offense level under the crack cocaine guidelines, not when, as here, the crack cocaine guideline "is examined only to determine if the career offender sentencing range is higher." United States v. Richardson, 339 Fed. Appx. 60, 61-62 (2d Cir. 2009) (noting that all of the courts of appeals that have decided the issue have rejected the claim that because of the required comparison between the career offender offense level and the crack cocaine offense level, a career offender's sentencing range is "based on" the reduced sentencing range for crack cocaine offenses). As the Second Circuit has held, a defendant convicted of a crack cocaine offense, but sentenced as a career offender under U.S.S.G. § 4B1.1, is not eligible to be resentenced under an amendment to the crack cocaine guidelines. E.g., United States v.

Martinez, 572 F.3d 82, 85 (2d Cir. 2009).

In calculating Lopez's sentencing range, the Court *started* with the career offender guidelines which, under § 4B1.1(b)(C), gave him a base offense level of 37. However, because that offense level was not greater than the "otherwise applicable" crack cocaine offense level of 38 under § 2D1.1, the career offender base offense level was "trumped" by the crack cocaine base offense level. In effect, as mandated by the career offender guidelines, the Court essentially "borrowed" the "otherwise applicable" crack cocaine base offense level because it was greater than the § 4B1.1(b) base offense level. But this does not mean that Lopez's sentencing range was "based on" the crack cocaine guidelines rather than the career offender guidelines.

Indeed, the same conclusion is reached if the Court applied step one of the Dillon two-step inquiry to determine if Amendment 750 would have the effect of lowering his applicable guideline range. As instructed by the applicable guideline policy statement, § 1B1.10 app. n.1(A), in determining whether, and to what extent, Amendment 750 has the effect of lowering a defendant's applicable guideline range, the Court must substitute the amended guideline for the corresponding guideline provision that it originally applied when the defendant was sentenced while leaving all other guideline provisions the same. If Amendment 750 had been in effect at the time Lopez was sentenced, his base offense level under the career offender guideline § 4B1.1(b)(C), which was not affected by Amendment 750, is still be 37. But, although his base offense level under the amended crack cocaine drug quantity table in § 2D1.1 is reduced to 34, that offense level is no longer *greater* than the § 4B1.1(b) offense level 37. Accordingly, the § 4B1.1(b)(C) career offender offense level, not the crack cocaine offense level under the amended drug quantity tables in § 2D1.1, is used in determining Lopez's sentencing range. Accordingly,

application of Amendment 750 would not have the effect of lowering Lopez's sentencing range because of the operation of the career offender guideline. Thus, a reduction in Lopez's sentence is not authorized under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 app. n. 1(A).

Finally, contrary to Lopez's assertions, the Court did not overlook either a factual issue or controlling precedent in denying Lopez's motion for a sentence modification. United States v. Rivera, 662 F.3d 166 (2d Cir. 2011), is not controlling because Lopez's sentence was not based on a departure from the career offender guidelines. Freeman v. United States, 131 S. Ct. 2685 (2011) is not controlling because Lopez did not enter a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Further, United States v. Terry, No. 8:02cr213, 2012 WL 1396550 (D. Neb. Apr. 23, 2012) is inapposite for the same reason Freeman is – because, unlike the defendant in Terry, Lopez did not enter a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

## *Conclusion*

For the foregoing reasons, Lopez's motion for reconsideration [doc. 1735] is GRANTED. Upon reconsideration, the Court adheres to its prior ruling [doc. # 1734] denying Lopez's motion for a sentence modification under 18 U.S.C. § 3582(c)(2) because he was sentenced as a career offender.

SO ORDERED.

/s/ Ellen B. Burns, SUSDJ
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 27 day of September, 2012 at New Haven, Connecticut.